Jean Arline MARTINELLI & Jack Martinelli, Plaintiffs/Appellants,

v.

CITY OF BEAUMONT, John Acosta, Tony Augustyn, David C. Van Buren, Defendants/Appellees.

No. 85–6358.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 1986.

Decided July 2, 1987.

Edison P. McDaniels, San Bernardino, Cal., for plaintiffs/appellants.

Thomas M. Reeves, Long Beach, Cal., for defendants/appellees.

Before ANDERSON and CANBY, Circuit Judges, and COPPLE,* District Judge.

CANBY, Circuit Judge:

Jean and Jack Martinelli sued the City of Beaumont, the County of Riverside, and three Beaumont police officers, alleging civil rights violations, false arrest, conspiracy, false imprisonment, and violations of California state law. The County of Riverside was dismissed before trial. The district judge directed a verdict in favor of Officer Augustyn and the City of Beaumont, and the jury returned verdicts in favor of Officers Acosta and Van Buren. We hold that the judge erred in instructing the jury that the provision of the penal code at issue in this case was constitutional as applied, and we therefore reverse the judgments in favor of Officers Acosta and Van Buren and remand for a new trial as to those parties. We affirm the judgments in favor of Officers Augustyn and the City of Beaumont.

---

I

On October 8, 1984, defendant police officers Van Buren, Acosta and Augustyn approached Jean Martinelli in a laundromat and questioned her about a hit-and-run accident that occurred outside the laundromat on September 20, 1984. The officers told Martinelli that they were investigating an accident that may have involved her automobile, and they asked her if she was the owner of the car in question. Martinelli admitted that she owned the car. Officer Van Buren asked Martinelli for identification. Martinelli refused to supply identification and refused to give her name.

The police officers attempted to ascertain Martinelli's identity for approximately 30 minutes. Martinelli continued to do her laundry and refused to identify herself. Officer Van Buren told Martinelli several times that if she did not identify herself, she would be arrested. After completing her laundry, Martinelli walked out of the laundromat. The police officers then arrested her for violating Section 148 of the California Penal Code.[1] Officer Van Buren stated at trial that he arrested Martinelli "for delaying a lawful police investigation by refusing to identify herself."

The prosecutor eventually dismissed all charges against Martinelli. Martinelli and her husband then sued Officers Acosta, Augustyn and Van Buren, the City of Beaumont, and the County of Riverside. Plaintiffs alleged civil rights violations, false arrest, conspiracy, and false imprisonment, and cited 42 U.S.C. Sections 1981, 1983, and 1985(3), and the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution. Plaintiffs also alleged violations of California state law. The court dismissed the County of Riverside before trial, and also dismissed the pendent state law claims. Martinelli does not appeal these dismissals.

---

* Honorable William P. Copple, Senior United States District Judge, District of Arizona, sitting by designation.

1. Cal.Penal Code § 148 states:
   Every person who willfully resists, delays, or obstructs any public officer or peace officer, in the discharge or attempt to discharge any duty of his office, when no other punishment is prescribed, is punishable by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not exceeding one year, or by both such fine and imprisonment.

The remaining matters were tried to the district court with a jury. In his instructions to the jury, the judge stated that Section 148 of the California Penal Code was constitutional as applied in this case:

> if the defendants acted within the limits of their lawful authority under state law, then the defendants could not have deprived the plaintiff of any liberty without due process of law, since the court finds and instructs you that the state law applicable in this case meets the requirements of the federal constitution.

At the end of the trial, the district judge directed a verdict in favor of Officer Augustyn and the City of Beaumont, and the jury returned verdicts in favor of Acosta and Van Buren.

Martinelli appeals on the grounds that: (1) the judge did not adequately instruct the jury on Martinelli's Fourth and Fifth Amendment rights; (2) Section 148 of the California Penal Code is unconstitutionally vague; (3) the court erred by refusing to admit evidence of prior acts by the officers; and (4) the court erred by directing a verdict for the City of Beaumont. We hold that the district court failed to instruct the jury adequately on Martinelli's Fourth Amendment rights, and, therefore, we reverse the judgments in favor of Officers Acosta and Van Buren.

## II

We review jury instructions to "determine whether, viewing the instructions as a whole, the court gave adequate instructions on each element of the case to ensure that the jury fully understood the issues," and to determine "whether the instruction is misleading or states the law incorrectly to the prejudice of the objecting party." *Kisor v. Johns-Manville Corp.*, 783 F.2d 1337, 1340 (9th Cir.1986). Under Rule 51 of the Federal Rules of Civil Procedure, "[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." In *Brown v. Avemco Investment Corp.*, 603 F.2d 1367 (9th Cir.1979), we held that the plaintiffs had satisfied the requirements of Rule 51, even though they had not specifically objected to the jury instructions. Plaintiffs had proposed alternative instructions and the district court was fully aware that they did not agree with the court's instructions. 603 F.2d at 1371.

In the present case, Martinelli submitted alternative instructions that would have permitted the jury to find that her arrest under Section 148 was unlawful because it violated federal law. Moreover, it is clear that the district court knew that Martinelli did not agree that Section 148 was constitutional as applied in this case. Throughout the trial, Martinelli's counsel argued with the court as to whether it was lawful for the police to arrest a person for refusing to identify herself during a *Terry* stop:

> THE COURT: The law is if they had a reasonable suspicion that she had committed a crime then they had the right to detain her and ask her to identify herself and if she refused they had the right to arrest her and take her in until she would identify herself.
>
> MR. McDANIELS: Your Honor, there is a jury instruction, I believe, that counters that.

The following exchange occurred as the court was reviewing Martinelli's proposed jury instructions:

> MR. McDANIELS: They can't even ask her—
>
> THE COURT: They can keep on asking her, What's your name? What's your name? What's your name? Else, they can arrest her.
>
> MR. McDANIELS: But she can also maintain the privilege of self—
>
> THE COURT: No, she cannot refuse to give her name. Read the case of law on identity. Stop and identify.
>
> MR. McDANIELS: If the Court would look at Miranda v. Arizona, it says the privilege of self-incrimination protects the individual from being compelled to incriminate himself in any manner. It does not distinguish the degrees of—
>
> THE COURT: That has been modified. What's the name of these cases? Stop

and identify. It's been modified by the Supreme Court.

MR. McDANIELS: The Lawton (phonetic) case, your Honor—

   \*    \*    \*    \*    \*    \*

MR. McDANIELS: In the Lawton case, your Honor, the California case where they stopped this guy, asking for his name, he refused to give it. They held the statute unconstitutional.

THE COURT: Is not subject to any further interrogation beyond giving the name and identification. But they've got to do that.

We conclude that plaintiff's counsel satisfied Rule 51. *See Brown,* 603 F.2d at 1371. We therefore review the court's instruction on the constitutionality of Section 148 to determine whether the instruction misled the jury or misstated the law to Martinelli's prejudice.

### III

In *Brown v. Texas,* 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979), the Supreme Court held that a Texas statute requiring persons stopped by the police to identify themselves was unconstitutional as applied to a man who was stopped by officers who had no reasonable suspicion that the man was involved in a crime:

> The application of Tex.Penal Code Ann., Tit. 8, § 38.02 (1974), to detain appellant and require him to identify himself violated the Fourth Amendment because the officers lacked any reasonable suspicion to believe appellant was engaged or had engaged in criminal conduct.

443 U.S. at 53, 99 S.Ct. at 2641; *see also Florida v. Royer,* 460 U.S. 491, 497–98, 103 S.Ct. 1319, 1323–24, 75 L.Ed.2d 229 (1983). In *Lawson v. Kolender,* 658 F.2d 1362 (9th Cir.1981), *aff'd.,* 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983), we held that a California vagrancy statute requiring persons to provide reliable identification upon request during *Terry* stops violated the fourth amendment's proscription against unlawful searches and seizures. We reasoned that "as a result of the demand for identification, the [vagrancy] statutes bootstrap the authority to arrest on less than probable cause," and that "the serious intrusion on personal security outweighs the mere possibility that identification may provide a link leading to arrest." 658 F.2d at 1366–67.[2]

█ The present case falls squarely within our holding in *Lawson.* The question whether Martinelli's detention was a *Terry* stop or a custodial interrogation presents an issue of fact for the jury. The court should have instructed the jury that the use of Section 148 to arrest a person for refusing to identify herself during a lawful *Terry* stop violates the Fourth Amendment's proscription against unreasonable searches and seizures. *See Lawson,* 658 F.2d at 1366. We conclude that the district court's instruction that Section 148 was constitutional as applied misstated the law to the plaintiffs' prejudice. *See Kisor,* 783 F.2d at 1340.

We therefore reverse the verdicts in favor of Officers Acosta and Van Buren and remand for a new trial as to those defendants. We find no error in the directed verdicts in favor of Officer Augustyn and the City of Beaumont, and we therefore affirm those judgments in their favor. We also find no merit in Martinelli's contentions that (1) the court did not adequately instruct the jury on Martinelli's Fifth Amendment rights; (2) the court erred in refusing to admit evidence of prior acts by the officers; and (3) Section 148 is unconstitutionally vague.

Each side will bear its own costs.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

---

2. *See also* Justice White's concurrence in *Terry v. Ohio,* 392 U.S. 1, 34, 88 S.Ct. 1868, 1886, 20 L.Ed.2d 889 (1968):

> given the proper circumstances, such as those in this case, it seems to me the person may be briefly detained against his will while pertinent questions are directed to him. Of course, the person stopped is not obliged to answer, answers may not be compelled, and refusal to answer furnishes no basis for an arrest, although it may alert the officer to the need for continued observation.