**MODINE MANUFACTURING COMPANY, Plaintiff/Cross–Appellant,**

v.

**The ALLEN GROUP, INC., d/b/a The G & O Manufacturing Company, Defendant–Appellant.**

**Nos. 90–1204, 90–1210.**

United States Court of Appeals, Federal Circuit.

Oct. 22, 1990.

Rehearing Denied Dec. 17, 1990.

540

Richard J. Hoskins, Schiff Hardin & Waite, Chicago, Ill., argued, for plaintiff/cross-appellant. With him on the brief were Susan R. Lichenstein, Susan S. Gouinlock and John A. Hedges. Also on the brief were George M. Schwab, Townsend & Townsend, San Francisco, Cal., and John C. Wood, Jeffrey L. Clark and Lee F. Grossman, Wood, Phillips, Mason, Recktenwald & Van Santen, Chicago, Ill.

Chesney Douglas Floyd, Pillsbury, Madison & Sutro, San Francisco, Cal., argued, for defendant-appellant. With him on the brief were Allan N. Littman, John M. Grenfell and John O. Horsley. Also on the brief were Paul H. Hellar, Michael J. Lennon and Thomas F. Hickey, Kenyon & Kenyon, New York City.

Before MARKEY and MICHEL Circuit Judges, and MILLER, Senior Circuit Judge.

MICHEL, Circuit Judge.

This case involves consolidated appeals concerning a January 19, 1990 final judgment of the United States District Court for the Northern District of California, No. C–85–6946, entered in response to jury verdicts that The Allen Group, Inc. had willfully infringed Modine Manufacturing Company's U.S. Patent No. 4,529,034 (for a heat exchanger used in vehicle radiators), and that the patent was not invalid or unenforceable. *Modine Manufacturing Co. v. Allen Group, Inc.*, 14 USPQ2d 1210, 1989 WL 205782 (N.D.Cal.1989) (denial of post-trial motions of both parties). Allen appeals the district court's refusal to overturn the jury's verdicts. Modine cross-appeals the denial of its motions for enhanced damages and attorney fees. We affirm the rulings contested in both appeals.

## BACKGROUND

Modine commenced this action in September, 1985 alleging that Allen's sales of the "Ultra–Fused" radiator infringed Modine's U.S. Patent No. 4,529,034, which claimed a vehicle radiator having certain construction of welded tube-to-header joints. Allen counterclaimed for a declaration of patent invalidity and unenforceability, unfair competition, and violation of the Sherman Act. In the spring of 1989 the case was tried to a jury, which returned special verdicts finding that Allen had failed to prove by clear and convincing evidence that the patent was invalid, or that it was unenforceable for inequitable conduct. The jury also found that Modine had proven by clear and convincing evidence that Allen's infringement had been willful, and in a separate damages phase, returned a verdict of $55,634,153 in favor of Modine.

Allen moved for judgment notwithstanding the verdict and for a new trial, and Modine moved for increased damages, for attorney fees and for prejudgment interest. The district court denied Allen's motion for JNOV, but held the damage award excessive and ordered a new trial on damages unless Modine accepted a remittitur to $14,000,000. *Modine*, 14 USPQ2d at 1221. The court awarded prejudgment interest to Modine, but denied its motions for enhanced damages and for attorney fees. *Id.* at 1217, 1222. Modine accepted the remittitur, and the court entered final judgment on January 19, 1990.

The district court had jurisdiction to hear the complaint under 28 U.S.C. § 1338 (1988), and we have jurisdiction to hear both appeals pursuant to 28 U.S.C. § 1295(a)(1) (1988).

## DISCUSSION

### I

Allen argues that the jury erred in finding Modine's patent not to be invalid under 35 U.S.C. § 103 because at the time

the invention was made, the subject matter as a whole would have been obvious to a person of ordinary skill in the art. Although obviousness is a question of law, *Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1568, 1 USPQ2d 1593, 1597 (Fed. Cir.), *cert. denied*, 481 U.S. 1052, 107 S.Ct. 2187, 95 L.Ed.2d 843 (1987), it is based upon underlying factual inquiries which are issues for the trier of fact. *See Loctite Corp. v. Ultraseal Ltd.*, 781 F.2d 861, 872, 228 USPQ 90, 97 (Fed.Cir.1985). These factual issues are: (1) the scope and content of the prior art, (2) the differences between the most pertinent prior art and the claimed invention, (3) the level of ordinary skill in the art, and (4) the objective evidence of secondary considerations of nonobviousness. *Id.* at 872, 228 USPQ at 97.

Our review of a denial of JNOV is limited to whether the jury's factual determinations were supported by substantial evidence and, if they were, whether "those findings cannot support the legal conclusions which necessarily were drawn by the jury in forming its verdict." *Verdegaal Bros., Inc. v. Union Oil Co.*, 814 F.2d 628, 631, 2 USPQ2d 1051, 1052 (Fed.Cir.), *cert. denied*, 484 U.S. 827, 108 S.Ct. 95, 98 L.Ed.2d 56 (1987). *See Perkin–Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 893, 221 USPQ 669, 673 (Fed.Cir.), *cert. denied*, 469 U.S. 857, 105 S.Ct. 187, 83 L.Ed.2d 120 (1984). Here, while considerable prior art existed at the time Modine's invention was made, reasonable jurors could conclude that the differences between the prior art and the claimed invention were significant enough to render the invention nonobvious to one of ordinary skill in the art. Moreover, considerable objective evidence of nonobviousness, in the form of long-felt but unmet need and resulting commercial success, was presented in this case. We can therefore only conclude that the jury's implied findings relating to obviousness were supported by substantial evidence. *See Newell Companies, Inc. v. Kenney Mfg. Co.*, 864 F.2d 757, 765, 9 USPQ2d 1417, 1423 (Fed.Cir. 1988) (In ruling on a motion for JNOV, "[j]udges must accept the factual findings, presumed from a favorable jury verdict, which are supported under the substantial evidence/reasonable juror standard.").

Nor, given those findings, was its conclusion on obviousness incorrect, even on *de novo* review. *Id.* at 764, 9 USPQ2d at 1423. Accordingly, we hold that Allen has failed to demonstrate error as a matter of law in the district court's ruling that a reasonable jury could conclude that the patent was not proven invalid by clear and convincing evidence.

Allen also contends that the trial court erred in determining that Modine's patent was not unenforceable for inequitable conduct in the prosecution of the patent application. The ultimate question of whether inequitable conduct occurred is equitable in nature, committed to the discretion of the trial court, and will not be overturned by this court unless it is clear that the determination is based upon a jury's findings of fact that are unsupported by substantial evidence or "a misapplication or misinterpretation of applicable law or that the ruling evidences a clear error of judgment on the part of the district court." *Kingsdown Medical Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 876, 9 USPQ2d 1384, 1392 (Fed.Cir.1988) (in banc), *cert. denied*, —— U.S. ——, 109 S.Ct. 2068, 104 L.Ed.2d 633 (1989) (quoting *PPG Indus. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1572, 6 USPQ2d 1010, 1016 (Fed. Cir.1988) (Bissell, J., additional views) (discussing *Seattle Box Co. v. Industrial Crating & Packing Inc.*, 756 F.2d 1574, 1581, 225 USPQ 357, 363 (Fed.Cir.1985))). Establishing inequitable conduct for submitting false information, or for failing to disclose information to the Patent and Trademark Office (PTO) during the prosecution of the patent application requires proof by clear and convincing evidence of two facts: that the information was material and that the patentee acted with intent to deceive. *Kingsdown*, 863 F.2d at 872, 9 USPQ2d at 1389.

In this case Modine was accused of failing to disclose to the PTO information as to its own prior art research in radiator design and of concealing the fact that the

named inventor, Mr. Saperstein, actually had the help of unnamed co-inventors. At trial, Modine presented evidence tending to show that any failure to disclose was inadvertent, and that in any case the inventor would have had no motive to intentionally lie about inventorship because the company would own any patent that might (and did) issue. Moreover, the persons accused of inequitable conduct actually testified as witnesses, and the jury's assessment of their character and credibility is entitled to great deference. Allen has failed to demonstrate that the determination that it failed to prove inequitable conduct was an abuse of discretion.

■ Allen further argues that the jury instructions constituted reversible error, first, because they submitted the issue of inequitable conduct to the jury, and second, because they contained an incorrect legal test for determining whether inequitable conduct had occurred (gross negligence is not enough for intent to deceive). Allen, however, failed to object at trial to these instructions,[1] and "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects *thereto* before the jury retires to consider its verdict." Fed.R.Civ.P. 51 (emphasis added). Allen contends that an objection to the instructions was unnecessary since it had made clear in prior communications to the court its position that inequitable conduct was not a jury issue. It cites *Brown v. Avemco Inv. Corp.*, 603 F.2d 1367 (9th Cir.1979) and *Martinelli v. City of Beaumont*, 820 F.2d 1491 (9th Cir.1987), for the proposition that a formal objection is not necessary when the trial court has been made aware of a party's position. *Brown* and *Martinelli*, however, are inapposite.

In *Brown* and *Martinelli*, both parties had submitted *contradictory* proposed jury instructions and the trial judge had explicitly rejected one over the other. The Ninth Circuit held that in such a situation an objection to an instruction was not necessary under Rule 51 because the trial court had been made aware of the losing party's verbatim position as set forth in its contrary proposed instruction, and an additional objection would not have served to further focus the issue or change the court's mind. *Brown*, 603 F.2d at 1373; *Martinelli*, 820 F.2d at 1493–94. Here, on the other hand, the jury instructions proposed by the parties were not so diametrically opposed as to present Allen's position for the court. We simply do not believe the three earlier instances in which Allen claims to have made the trial court generally aware of its position constituted the sort of pattern of specific objection throughout the course of the trial, including the jury instruction phase, that was present in *Brown* and *Martinelli*. We hold that Allen's failure to object precludes it under Rule 51, Fed.R. Civ.P., from now challenging the jury instructions, both as to their submission of the ultimate question of inequitable conduct to the jury and as to their content indicating that gross negligence was not sufficient to show intent.[2] Therefore, we need not reach the merits of Allen's contentions.

## II

■ Modine appeals the district court's denial of its motion for enhanced damages pursuant to 35 U.S.C. § 284 (1988). Section 284 provides that in a patent infringement case, a trial court "may increase the

---

1. The trial judge's opinion notes that Allen's only objection to the jury instructions was to "a portion of the instruction on willful infringement." *Modine*, 14 USPQ2d at 1215.

2. Since Rule 51 requires an objection to the giving or failing to give an instruction, and since an issue is only given to the jury via an instruction, Rule 51 necessarily requires an objection to what issues are given to the jury in the first place.

  This result is also consistent with Rule 39(c), which allows a trial by jury, even where not available as of right, when both parties consent. As the district judge correctly observed, failure to object is treated as consent: "If one party demands a jury, the other party does not object, and the court orders trial to a jury, this will be regarded as trial by consent. If there is trial to a jury by consent, the verdict has the same effect as if trial by jury had been a matter of right and cannot be treated as advisory only." *Modine*, 14 USPQ2d at 1215 (quoting 9 C. Wright & A. Miller, *Federal Practice and Procedures* § 2333 (1971)).

damages up to three times the amount found or assessed." The decision to increase damages is committed to the discretion of the trial judge and a district court's refusal to award increased damages will not be overturned absent a clear showing of abuse of discretion. *Rite–Hite Corp. v. Kelley Co.*, 819 F.2d 1120, 1126, 2 USPQ2d 1915, 1919 (Fed.Cir.1987).

■ Modine seeks to overcome the difficult abuse of discretion standard of review by arguing that the trial judge's decision not to award enhanced damages disregards the jury's factual determination that the infringement was willful. This argument conveniently ignores our clear precedent that a finding of willful infringement merely *authorizes*, but does not *mandate*, an award of increased damages. *Id.* at 1126, 2 USPQ2d at 1919; *Kloster Speedsteel AB v. Crucible Inc.*, 793 F.2d 1565, 1581, 230 USPQ 81, 91 (Fed.Cir.1986), *cert. denied*, 479 U.S. 1034, 107 S.Ct. 882, 93 L.Ed.2d 836 (1987). Nor is there merit to Modine's contention that the trial judge's statement, that willfulness was "sufficiently close on the evidence" that enhanced damages were not warranted, was inconsistent with the jury verdict that willful infringement had been shown by "clear and convincing evidence." Far from ignoring the jury's verdict, Judge Jensen's opinion demonstrated that he carefully considered the finding of willful infringement in light of the deterrent function of enhanced damages in reaching his determination that enhanced damages were not appropriate to this particular case. Modine has utterly failed to demonstrate that this determination was an abuse of discretion.[3]

■ With regard to Modine's appeal of the denial of its motion for attorney fees, a trial court has the authority to award attorney fees in patent litigation to the prevailing party "in exceptional cases."

35 U.S.C. § 285 (1988). An express finding of willful infringement is a sufficient basis for classifying a case as "exceptional," and indeed, when a trial court denies attorney fees in spite of a finding of willful infringement, the court must explain why the case is *not* "exceptional" within the meaning of the statute. *S.C. Johnson & Son, Inc. v. Carter–Wallace, Inc.*, 781 F.2d 198, 201, 228 USPQ 367, 369 (Fed.Cir.1986). Nevertheless, the decision whether or not to award fees is still committed to the discretion of the trial judge, and "[e]ven an exceptional case does not require in all circumstances the award of attorney fees." *Id.* at 201, 228 USPQ at 369.

Modine argues that the district court abused its discretion by failing to act on the jury's finding of willful infringement. However, consistent with our statement in *S.C. Johnson* that "[t]he trial judge is in the best position to weigh considerations such as the closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser," *Id.* at 201, 228 USPQ at 369, Judge Jensen expressly articulated the basis of his determination that this case, though "exceptional" under section 285, does not justify an award of attorney fees. *Modine*, 14 USPQ2d at 1221. This explanation was both reasonable and specifically expressed, and Modine's contention that it amounts to an abuse of discretion is completely without foundation.

## CONCLUSION

The judgment of the district court and its rulings on post-trial motions are affirmed.

AFFIRMED.

---

**3.** Modine also argues that the trial judge erred in not considering any form of enhanced damages less than treble damages. This contention is unpersuasive for three reasons: First, Modine itself specifically requested treble damages in its motion, so it is natural that the opinion should discuss trebling. Secondly, the fact that the court's opinion focuses upon treble damages does not necessarily mean that the judge failed to *consider* lesser multiples of damages. Finally, Modine's brief in support of its motion for increased damages specifically advised the court that willfulness could justify damages of *up to* three times lost profits or reasonable royalty. Joint Appendix at 966.