988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Angela VALDEZ, Plaintiff-Appellee,
v.
Robert AYERS, Defendant-Appellant.
 No. 91-16463.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1993.
Decided March 10, 1993.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-89-00939-GGH; David F. Levi, District Judge, Presiding.
 E.D.Cal.
 REVERSED AND REMANDED.
 Before CHOY, SCHROEDER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-appellant Robert Ayers appeals the judgment imposed after a jury found him liable for compensatory damages to the appellee, Angela Valdez. This section 1983 action arose when Ayers, a correctional lieutenant at the Northern California Women's Facility, fired a taser gun at Valdez after she refused to submit to a mandatory strip search upon her arrival at the facility. Valdez later suffered a miscarriage.
 
 
 3
 The critical issue in this appeal is whether the district court improperly instructed the jury on the appropriate standard for Eighth Amendment excessive force claims. The district court did correctly instruct the jury that a law enforcement officer violates the Eighth Amendment if he uses force in a "wanton" manner. The defendant requested that wanton be defined as conduct that is "malicious and sadistic," which was the standard articulated by the Supreme Court in Whitley v. Albers, 475 U.S. 312 (1986), a prison riot case. However, the district court declined to follow Whitley, instead defining wanton behavior as conduct that is done with "deliberate indifference" to the well-being of the victim. The district court explicitly relied on Estelle v. Gamble, 429 U.S. 97 (1976), a case that involved the alleged failure of prison officials to provide adequate medical care. Recently, the Supreme Court put to rest any debate over the appropriate standard for wanton behavior in Eighth Amendment cases. Specifically, the Court adopted the Whitley standard for all excessive force cases: "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 112 S.Ct. 995, 999 (1992). In light of Hudson, there can be no doubt that the district court's instructions were erroneous.
 
 
 4
 Appellee offers two reasons why we should nevertheless uphold the verdict. First, appellee contends that appellant did not adequately object to the instructions. This argument is meritless. A review of the colloquy between defense counsel and the district court clearly demonstrates that counsel expressly requested that the Whitley standard be given to the jury. There can be no doubt that the district court understood the defendant's position. See Martinelli v. City of Beaumont, 820 F.2d 1491, 1493 (9th Cir.1987).
 
 
 5
 Appellee also contends that no error is visible when the instructions are viewed in their entirety. Pointing to other language in the instructions, appellee asserts that the instructions were equivalent to the "malicious and sadistic" standard. However, the absence of the "malicious and sadistic" language, coupled with inclusion of the "deliberate indifference" standard, demonstrates that the instructions clearly depart from what Hudson requires. Further, we cannot say that the error was harmless. Reversal is therefore necessary.
 
 
 6
 Finally, we disagree with appellant that he was entitled to an instruction on qualified immunity. We have previously held that "[i]f an eighth amendment violation is found, there is not qualified immunity defense available." Albers v. Whitley, 743 F.2d 1372, 1376 (9th Cir.1984), rev'd on other grounds, 475 U.S. 312 (1986).
 
 
 7
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3