15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Dimna Josefina PEREZ-ORTIZ; Jaime A. Guerra-Chavez;
Fernando A. Callo-Perez; David A. Guerra-Chavez,
Plaintiffs-Appellants,
v.
SUN LIFE ASSURANCE COMPANY OF CANADA, and Does 1 Through
100, inclusive, Defendant-Appellee.
 No. 92-55925.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1993.
Decided Jan. 4, 1994.
 
 Before: CHOY, TANG, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This action arises from the denial by appellee, Sun Life Assurance Company of Canada (Sun Life), of claims of appellants, the beneficiaries of Manuel Chavez Perez (Manuel), to benefits under a $500,000 life insurance policy. Sun Life initially denied appellants' claims, relying upon information it asserts indicated that Manuel failed to disclose relevant and material information on the insurance application. Appellants filed this action against Sun Life claiming that Sun Life acted in bad faith when it denied their claims against the policy, even though Sun Life did ultimately honor the claims. A jury found in favor of Sun Life.
 
 I. Sufficiency of the Evidence
 
 3
 Appellants argue there was insufficient evidence to support the jury's verdict. They urge that the district court should have granted either their motion for judgment as a matter of law or their motion for new trial. The standard for reviewing jury verdicts is whether they are supported by "substantial evidence"; that is, such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Davis v. Mason County, 927 F.2d 1473, 1486 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 275 (1991).
 
 
 4
 The issue before the jury was whether Sun Life unreasonably withheld benefits from appellants.
 
 
 5
 We find that there is substantial evidence to support the jury's verdict that Sun Life's investigation was reasonably thorough and prompt. Sun Life promptly retained two investigating firms to research Manuel's application for insurance and his death. The investigators discovered that he obtained two other sizeable life insurance policies from Mexican insurers in August and September 1988; that he had three large life insurance policies issued within the two months prior to his death; and that he signed a will less than one month before his death. The investigation by Patrick Goodrich compiled information calling into question the cause of the accident, the cause being either Manuel himself or the truck driver. His investigation also produced medical records indicating that Manuel had previously been treated for mental illness. Still, appellants rely on Egan v. Mut. of Omaha Ins. Co., 169 Cal.Rptr. 691, 695 (1979), cert. denied, 445 U.S. 912 (1980), for the principle that the insurer must fully inquire into any possible basis that might support the insured's claim, and alleges that Mr. Goodrich and Roger Montgomery, Sun Life's claims supervisor, failed to make such a full inquiry. While it is probably true that Sun Life's investigations focused primarily on whether Manuel committed suicide and whether he failed to disclose relevant and material information, we do not find that this violates Egan because these issues were the only unresolved questions concerning appellants' claims.
 
 
 6
 Appellants urge, however, that several facts undermine support for the jury's verdict. Most noteworthy is the fact that there was virtually no basis for Sun Life's assertion, in its letter of denial to appellants, that Manuel's sister committed suicide. Also in conflict with Sun Life's letter of denial is the fact that the two Mexican policies had not yet been issued when Manuel completed Sun Life's application. We recognize that these facts, and others cited by appellants, do not square well with Sun Life's contention that it reasonably denied appellants' claims. Nevertheless, we remain convinced that the record reveals substantial evidence for a reasonable jury to find that Sun Life did not act in bad faith.
 
 
 7
 Add to the evidence noted above the fact that appellants' counsel at the time, James C. Talaga, knew as early as May 1989 that the medical records of Manuel's mental illness were false. Despite Sun Life's obvious reliance on such records in its denial of appellants' claims a month earlier, Mr. Talaga refrained from informing Sun Life that the records were false. Some time after the filing of appellants' complaint, Sun Life's counsel asked Mr. Talaga for all documents he had indicating the medical records were fraudulent. Unfortunately, it cannot be fairly stated that Mr. Talaga gave Sun Life credible evidence of the falsity of the records before November 1990, more than a year after he confirmed the records were false.
 
 
 8
 No doubt, the jury considered appellants' failure to promptly disclose proof that the records were false, and Sun Life's reconsideration of its denial of appellants' claims. We uphold the jury's verdict in finding sufficient evidence for it to conclude that Sun Life acted reasonably in initially denying appellants' claims and later reconsidering the denial.
 
 II. Appellants' Motion for New Trial
 
 9
 Appellants next contend that the denial of their motion for new trial based on newly discovered evidence was reversible error.
 
 
 10
 In deciding the Rule 59 motion, both parties argued that the district court should apply the test borrowed from cases considering motions under Rule 60(b)(2) for relief from judgment based upon newly discovered evidence. See Rules 59 and 60(b)(2), Fed.R.Civ.P.; 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil Sec. 2859 (1973) ("The same standard applies to motions on the ground of newly discovered evidence whether they are made under Rule 59 or Rule 60(b)(2)."); Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211-12 (9th Cir.1987).
 
 The district court found:
 
 11
 One of the requirements needed to obtain a new trial on the ground of "newly discovered evidence" is that the movant must show that the alleged new evidence could not have been discovered through due diligence. Clearly, plaintiffs knew of Guillermo Palacios and Alberto Santibanez long before trial and could have, by the exercise of due diligence, obtained their testimony and any alleged minutes of meetings between Mr. Santibanez and Patrick Goodrich.
 
 
 12
 [ER at 1139.1-.2.] The record supports the district court's findings. Moreover, appellants fail completely to address on this appeal why the alleged new evidence could not have been discovered through due diligence. We do not find that the district abused its discretion in denying their motion for new trial.
 
 
 13
 III. Appellants' Motion to Continue and to Reopen Discovery
 
 
 14
 Appellants charge that the district court abused its discretion in denying a continuance to allow them time to pursue discovery relating to their claim that Seguros America, Seguros Monterey, and Sun Life conspired to defraud them. A continuance was sought primarily for the purpose of conducting discovery, hence its denial was effectively a denial of discovery. Discovery requests, however, are similarly committed to the sound discretion of the trial court. The court's decision to deny discovery will not be disturbed "except 'upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.' " Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir.1986) (quoting Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 n. 1 (9th Cir.1977)).
 
 
 15
 Appellants requested a continuance to investigate further their claim that Sun Life conspired with the two Mexican insurers to defraud them. They proposed to depose Dr. Guillermo J. Palacios and Alberto Santibanez. Appellants fail to explain, however, why they could not have discovered what they sought in the eighteen months during which their case pended in the district court.
 
 
 16
 With respect to prejudice, appellants argue essentially two claims. First, appellants claim certain documents received by them in mid-January 1992 "provide[d] overwhelming and conclusive evidence of Sun Life's participation in the conspiracy to defraud [them]." [Blue Brief at 5.] However, our review of these documents reveals scant evidence of a conspiracy. Indeed, they are hardly more than cumulative of the evidence introduced, and inferences drawn, by appellants at trial.
 
 
 17
 Next, appellants claim prejudice as a result of the circumstances necessitating the association of counsel. Nevertheless, the record supports the district court's finding that associated counsel was capable of conducting the trial under the circumstances. Appellants fail, then, to explain how the court's refusal to reopen discovery resulted in actual and substantial prejudice to them.
 
 
 18
 Finally, we have no doubt that a continuance one month before trial in this case would have greatly inconvenienced Sun Life and the court, given that the trial judge was a visiting district judge from South Dakota.
 
 
 19
 For the foregoing reasons, we find that the district court did not abuse its discretion in denying appellants' motion to continue and reopen discovery.
 
 IV. Voir Dire
 
 20
 Appellants argue that the voir dire conducted by the district court was inadequate to test the jury for bias or prejudice against Mexican Nationals. This contention is frivolous.
 
 
 21
 Here, the trial court agreed to ask the question appellants proposed relating to bias. The court did not, however, state the question word for word as proposed. Rather, it went beyond what appellants proposed. The court asked the prospective jurors if they felt they could not treat appellants fairly and impartially because they were Mexicans and spoke only Spanish. This voir dire was more than adequate to test the prospective jurors for bias or partiality.
 
 
 22
 V. Requested Testimony of Sun Life's Counsel
 
 
 23
 Appellants claim that the district court's denial of their calling of Sun Life's attorney, James Huston, as a witness somehow prejudiced them and entitles them to a reversal. They claim that Mr. Huston should have testified about the steps he took to determine whether the medical records setting forth Manuel's mental illness were false. The jury heard evidence, however, of how and when Sun Life learned of the falsity of the medical records through the testimony of Sun Life's Claims Department Manager, Paula Bonina. That is, the trial court allowed appellants wide latitude to cross-examine witnesses as to Mr. Huston's investigation in Mexico. The court did not abuse its discretion in denying appellants' request to call counsel.
 
 
 24
 VI. Evidence Relating to Sister's Possible Suicide
 
 
 25
 Appellants next argue that the trial court's admission of evidence that Manuel's sister may have committed suicide was reversible error. This claim is meritless.
 
 
 26
 The admission of evidence relating to Manuel's sister and the cause of her death was relevant to an understanding of Sun Life's investigation. Such evidence was not offered, nor was it admitted, to prove that Manuel's sister did in fact commit suicide. Appellants fail to show that the district court abused its discretion in admitting such evidence, or that they were prejudiced by the decision.
 
 VII. Jury Instructions
 
 27
 Appellants also contend that the district court failed to instruct the jury properly. Preliminarily however, we consider whether appellants preserved their legal challenges for review on this appeal. We find that appellants fail to meet the requirement of Rule 51, Fed.R.Civ.P., that "[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto, before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."
 
 
 28
 This Court has held that Rule 51 is satisfied even where the plaintiff does not object to instructions and the district court is aware that the plaintiff does not agree with the court's instructions. Martinelli v. City of Beaumont, 820 F.2d 1491, 1493-94 (9th Cir.1987). Though appellants proposed jury instructions, the record indicates that the trial court was not made aware of any specific concern appellants had with the instructions the court selected. The purpose of Rule 51 is to give the trial court the opportunity to address objections and correct potential error. See Martinelli, 820 F.2d at 1493. The trial court had no such opportunity here. This is not the case in which we will review instructions in the absence of a clear objection. See id.
 
 VIII. Ten-Member Jury
 
 29
 Finally, appellants complain that a ten-member jury increased their burden unfairly. This Circuit recently entertained a similar argument as to a twelve-member jury in Montiel v. City of Los Angeles, 2 F.3d 335, 338 (9th Cir.1993). There the panel found no authority interpreting recently revised Rule 48, Fed.R.Civ.P., to suggest that a court opting for a twelve-member jury, or a ten-member jury for that matter, violates the rule. Appellants' contention is rejected.
 
 
 30
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3