64 F.3d 671
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re ETHICON, INC. and Inbae Yoon, M.D., Petitioners.
 Misc. No. 435.
 United States Court of Appeals, Federal Circuit.
 June 26, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
July 25, 1995.
 
 D.Conn.
 PETITION DENIED.
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 Ethicon, Inc. and Inbae Yoon, M.D. (Ethicon) petition for a writ of mandamus to direct the United States District Court for the District of Connecticut to vacate its June 12, 1995 order "to the extent it denies their right to a jury trial." United States Surgical Corporation (USSC) and Young Jae Choi oppose.
 
 
 2
 Yoon is the named inventor in a patent relating to an endoscopic instrument known as a safety trocar. Ethicon, Inc. is Yoon's exclusive licensee. Ethicon sued United States Surgical Corporation (USSC) for patent infringement, alleging that USSC's devices infringe two claims of the patent. USSC asserted, inter alia, an affirmative defense that Yoon, with the intent to mislead the Patent and Trademark Office concerning the proper inventorship, engaged in inequitable conduct by failing to provide Choi's name as a co-inventor. USSC alleges that Choi's contributions relate to claims of the patent that are not at issue in Ethicon's infringement suit. Choi filed a counterclaim under 35 U.S.C. Sec. 256 seeking correction of the patent to list Choi as a co-inventor.[1] USSC did not assert the defense that the patent is invalid due to improper designation of inventorship.
 
 
 3
 In an order dated June 12, 1995, the district court determined that it would hold a bench trial beginning June 27 on USSC's defense of inequitable conduct and that it would thereafter resolve the request to correct the patent to name a co-inventor. Ethicon requested that the district court stay the bench trial pending its anticipated filing of a mandamus petition. The district court denied the stay but stated that it "stayed" the action until June 24, 1995 "on the condition that the plaintiffs apply to the Federal Circuit for a further stay on or before June 20, 1995." Ethicon filed its mandamus petition and motion for a stay on June 20.
 
 DISCUSSION
 
 4
 "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired and that the right to issuance of the writ is "clear and indisputable." Allied Chemical, 449 U.S. at 35. Despite the extraordinary nature of the writ, it is "the responsibility of the Federal Courts of Appeals to grant mandamus where necessary to protect the constitutional right to trial by jury." Dairy Queen, Inc. v. Wood, 369 U.S. 469, 472 (1962).
 
 
 5
 We have recognized that "[t]he right to a jury trial on issues of patent validity that may arise in a suit for patent infringement is protected by the Seventh Amendment." Patlex Corp. v. Mossinghoff, 758 F.2d 594, 603 (Fed.Cir.1985). The parties do not dispute that Ethicon would be entitled to a jury trial on the inventorship issue if USSC had asserted an affirmative defense of invalidity based thereon. On the other hand, we have also recognized that no jury trial is required to decide a defense of inequitable conduct. See Gardco Mfg., Inc. v. Herst Lighting Co., 820 F.2d 1209, 1212-13 (Fed.Cir.1987).
 
 
 6
 Ethicon argues that it has a right to a jury trial in this case because (1) USSC's inequitable conduct defense of failing to disclose a possible co-inventor is "mislabelled" and that it is actually an affirmative defense of invalidity, and (2) that the district court will be deciding invalidity in any event when it decides inequitable conduct because it will be deciding factual issues that could invalidate the patent and that "where the same facts lead to both invalidity and unenforceability, the seventh amendment requires a jury, not a court, to resolve disputed facts."
 
 
 7
 Ethicon's first argument misses the mark. USSC has chosen to assert inequitable conduct. USSC does not assert the affirmative defense of invalidity based upon incorrect inventorship.[2] Ethicon argues that an alleged infringer cannot assert inequitable conduct in lieu of invalidity if the issue is the inventorship of the patent. Ethicon argues that, unlike the failure to submit material prior art, which may render a valid patent unenforceable, the failure to identify a co-inventor is necessarily fatal to the validity of a patent if done with intent to deceive the Patent and Trademark Office. However, Ethicon does not have the right to have that issue decided by mandamus because it does not affect Ethicon's right to a jury trial.[3] Neither the judge nor the jury has been asked to hold the patent invalid because of incorrect inventorship. The issue of the applicability of the inequitable conduct defense to the facts of this case may be reviewed, if appropriate, on appeal after final judgment. Assuming for the sake of argument that Ethicon is correct that an inequitable conduct defense is improper, then USSC merely loses on its defense of inequitable conduct because it was improperly asserted. The defense is not transformed into an invalidity defense.
 
 
 8
 Concerning the second argument, that the district court will be deciding facts and issues that could arise in a defense of invalidity, Ethicon's right to a jury trial might be implicated if there were an overlap of factual issues between an asserted defense of invalidity and a defense of unenforceability. See Gardco, 820 F.2d at 1212-13 (Fed.Cir.1987) (the party seeking a jury trial "failed to show that the factual issues relating to its legal claim for patent infringement were so common with those relating to [the] equitable claim as to preclude a prior trial of the latter"). However, Ethicon's reliance on Gardco in this case is misplaced. Here, Ethicon does not identify any factual issues that the jury would be asked to consider later which will be decided first in the bench trial. The defense of invalidity based upon the inventorship issue has not been asserted in this case. Thus, the district court will not decide invalidity on that basis. No overlap of factual issues has been demonstrated. The facts concerning inventorship may arise in USSC's defense of inequitable conduct and in the request to correct inventorship to add a co-inventor. It is irrelevant that those facts might arise in a defense of invalidity that has not been asserted.
 
 
 9
 In sum, Ethicon's right to a jury trial on invalidity has not been implicated by the district court's ruling that it will decide USSC's inequitable conduct defense and the request to correct the inventorship, because invalidity due to an improper designation of inventorship has not been asserted.
 
 
 10
 Ethicon also argues the merits of the counterclaim to correct inventorship. We decline to consider the merits of the case by mandamus. Ethicon has other means of obtaining the relief it seeks, i.e., by arguing those issues on appeal after final judgment, if appropriate, and thus review by mandamus is not warranted. Allied Chemical, 449 U.S. at 35.
 
 
 11
 Accordingly,
 
 IT IS ORDERED THAT:
 
 12
 Ethicon's petition for a writ of mandamus is denied.
 
 
 
 [1]
 Apparently, Choi and USSC have entered into a licensing agreement concerning the patent
 
 
 [2]
 USSC argues that it cannot assert invalidity on this ground because Choi did not contribute to the claims listed in Ethicon's infringement suit. Ethicon argues that all claims of the patent would be invalidated if Choi shows that he should have been named as a co-inventor on some claims, so long as Yoon's failure to name him regarding those claims was with deceptive intent. We do not address those issues
 
 
 [3]
 We note that this court has reviewed cases that included defenses of inequitable conduct concerning inventorship. See, e.g., Modine Mfg. Co. v. Allen Group, Inc., 917 F.2d 538, 541-42 (Fed.Cir.1990); Shatterproof Glass Corp. v. Libbey-Owens Ford Co., 758 F.2d 613, 623-24 (Fed.Cir.1985)