91 F.3d 172
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ENSCO, INC., Plaintiff-Appellant,
v.
KOMAR INDUSTRIES, INC. and Larry Koenig, Defendants-Appellees.
 No. 94-1458.
 United States Court of Appeals, Federal Circuit.
 June 28, 1996.
 
 Before ARCHER, Chief Judge, CLEVENGER, and SCHALL, Circuit Judges.
 ARCHER, Chief Judge.
 
 DECISION
 
 1
 Ensco Inc. appeals from the July 27, 1994 judgment of the United States District Court for the Eastern District of Arkansas, No. LR-C-93-159, dismissing Ensco's complaint and holding United States Patent No. 5,022,328 ('328 patent) invalid and unenforceable. We affirm.
 
 DISCUSSION
 
 2
 Ensco brought suit against Komar Indus. Inc. (Komar) for infringement of its '328 patent. The '328 patent is directed to a method of using shredders in hazardous waste processing. The '328 patent was issued on June 11, 1991 to James Robertson, as sole inventor, and was subsequently assigned to Ensco. On July 25, 1994, by special interrogatory, the jury found the '328 patent invalid. On July 27, 1994, the court entered judgment on the jury verdict holding the patent invalid and, therefore, unenforceable. Accordingly, the court dismissed Ensco's complaint.
 
 
 3
 Ensco appeals to this court claiming that the district court erred in instructing the jury as to inventorship and on-sale bar.[1] Ensco argues that these instructions were misleading, and therefore it should be afforded a new trial. The merits of the instructions are not properly before us for decision because Ensco failed to preserve these issues for appeal. Accordingly, we cannot decide these issues. Weinar v. Rollform Inc., 744 F.2d 797, 804-05, 223 USPQ 369, 372-73 (Fed.Cir.1984).
 
 
 4
 With respect to the inventorship instruction, Ensco did not object to the instruction and offered no curative instruction to replace it.[2] Having raised no objection to the inventorship instruction during the trial, Ensco failed to preserve this issue for appeal. See Rollform, 744 F.2d at 808, 223 USPQ at 375; Modine Mfg. Co. v. Allen Group, Inc., 917 F.2d 538, 542, 16 USPQ2d 1622, 1625 (Fed.Cir.1990) (failure to object to a jury instruction at trial waives any possible appeal of the issue). Therefore, we need not reach the merits of Ensco's contention.
 
 
 5
 Ensco's appeal with respect to the on-sale bar instruction is nearly frivolous. Not only did Ensco fail to object to the on-sale bar instruction during the trial, and thereby fail to preserve the issue for appeal, but the instruction given to the jury was actually proffered by Ensco. Therefore, if there was any error in the instruction, such error was actually invited by Ensco. See Rollform, 744 F.2d at 808-09, 223 USPQ at 376. To the extent that Ensco is challenging the sufficiency of the evidence upon which the jury may have found the patent invalid because of the on-sale bar, this court has made clear in Biodex Corp. v. Loredan Biomedical, Inc., 946 F.2d 850, 862, 20 USPQ2d 1252, 1261 (Fed.Cir.1991), that "we cannot review the sufficiency of the evidence after a jury verdict absent some post-trial disposition, either by a deferred ruling or upon a post-verdict motion." Since there was no post-trial motion in this case, this issue is not properly before us for resolution.
 
 
 6
 For the foregoing reasons, we affirm the judgment of the district court that the patent is invalid and unenforceable.[3]
 
 
 
 [1]
 Ensco also claims that it was not afforded a fair trial because of procedural errors before the district court. In particular, Ensco claims that the court improperly permitted Komar's counsel to ask leading questions and make speeches during the questioning. Procedural matters of the kind complained of here are committed to the sound discretion of the district court. Hendler v. United States, 952 F.2d 1364, 1379 (Fed.Cir.1991) ("As a general rule, trial courts are given wide discretion to manage the course of a trial, and to direct the conduct of counsel."). "Procedural errors that do not unfairly affect the outcome are to be ignored. Trials must be fair, not perfect." Newell Co. v. Kenney Mfg. Co., 864 F.2d 757, 765, 9 USPQ2d 1417, 1424 (Fed.Cir.1988). We are not persuaded that the district court abused its discretion in the procedural course of the trial below
 
 
 [2]
 The only objection raised by Ensco related to the district court's denial of Ensco's § 256 motion
 
 
 [3]
 Because Ensco failed to object to the jury instructions at the trial and, in any event, was not prejudiced by the instructions, we need not consider Komar's argument that there are six additional independent grounds that Ensco has not appealed which support the jury finding of invalidity