NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1559, 05-1218


LAMPS PLUS, INC. and PACIFIC COAST LIGHTING,

Plaintiffs-Appellees,

v.

PATRICK S. DOLAN, DESIGN TRENDS, LLC,
CRAFTMADE INTERNATIONAL, INC.,
and LOWE'S HOME CENTERS, INC.,

Defendants-Appellants.


_____

DECIDED: January 17, 2006
_____


Before MAYER, RADER, and DYK, Circuit Judges.

Opinion for the court filed PER CURIAM. Concurring in part and dissenting in part opinion filed by Circuit Judge DYK.

PER CURIAM.

Patrick S. Dolan, Design Trends, LLC, and Craftmade International, Inc. (collectively "Dolan"), appeal (1) the September 14, 2004, judgment of the United States District Court for the Northern District of Texas, No. 3:01-CV-01537, entered in accordance with the jury verdict of, inter alia, willful infringement of claim 5 of United States Patent No. 5,221,141 ("'141 patent"), and awarding fees to Lamps Plus, Inc. and

Pacific Coast Lighting (collectively "Lamps Plus"); (2) the trial court's order denying Dolan's motion to alter or amend the judgment and its renewed motion for judgment as a matter of law ("JMOL"), or alternatively, for a new trial (Sept. 28, 2004); and (3) the trial court's order awarding costs to Lamps Plus (Dec. 27, 2004).[*] We affirm.

Lamps Plus owns the '141 patent, which claims a stand-alone electric lamp, and United States Design Patent No. 353,904 ("'904 patent"), which claims the ornamental design of lamps similar to those in the '141 patent. On August 8, 2001, Lamps Plus sued Dolan for infringement of the '904 patent as to four lamps and for infringement of claim 5 of the '141 patent as to five lamps. Dolan denied infringement and counterclaimed that the patents in suit were invalid and unenforceable. The relevant portion of claim 5 of the '141 patent reads:

> A stand-alone electric lamp comprising:
> a base member for supporting said lamp;
> an elongated hollow stem . . . rising centrally from said base member;
> general area lighting means carried by [the] second end of said stem;
> a plurality of separate direct light reflectors;
> means for affixing each of said separate direct light reflectors to said stem . . . ;
> said means for affixing each separate direct light reflector including:
>  (a) a first hollow cylinder affixed to and extending from said stem;
>  (b) a second hollow cylinder defining a through opening in a wall thereof rotatably affixed to said first hollow cylinder;
>  . . . .

'141 patent, col. 4, l. 55 – col. 5, l. 5 (emphasis added). After a 12-day trial, the jury found that the patents were not invalid and were enforceable, and that Dolan directly, indirectly, and willfully infringed the '141 patent as to four lamps, but did not infringe the '904 patent.

---

[*]     Lowe's Home Centers, Inc. was initially party to this appeal, but at its request and with consent of Lamps Plus, its appeal was dismissed.

On appeal, Dolan challenges the trial court's construction of claim 5 as to the "hollow cylinder" and the "affixed to and extending from" limitations; our review is de novo. See Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc). In construing the claim, the trial court gave instructive weight to and ultimately adopted the construction of the United States District Court for the Southern District of Florida.** See Lamps Plus, Inc. v. Dolan, No. 3:01-CV-1537-K, 2003 U.S. Dist. LEXIS 19578, at *3-7 (N.D. Tex. Nov. 3, 2003). The trial court construed "hollow cylinder" as:

> [A] hollow piece of which the two ends are equal and parallel circles, and the intervening curved surface is such as would be traced out by a straight line moving parallel to itself with its ends in the circumference of those circles.

Id. at *6. Because this construction is consistent with the claim language, the specification, the prosecution history, and understandings in the art, we find it to be proper. With respect to the "affixed to and extending from" limitation, Dolan argues that the trial court should have required that the hollow cylinder be directly affixed to the vertical lamp stem. However, because nothing in the claim language, the specification, or the prosecution history compels such a narrow construction, we find the trial court's construction to be correct.

We review the jury's verdict of direct infringement for substantial evidence and find that it was properly supported. See Embrex, Inc. v. Serv. Eng'g Corp., 216 F.3d 1343, 1348-49 (Fed. Cir. 2000). On appeal, Dolan argues that its lamps do not infringe because they do not contain the requisite two hollow cylinders in the affixing means for the direct light reflectors; we disagree. Both of the members used in Dolan's affixing

---

** The patents in suit were previously the subject of litigation in Catalina Lighting, Inc. v. Lamps Plus, Inc., 295 F.3d 1277 (Fed. Cir. 2002) (affirming the trial court's rulings as to infringement, validity, and enforceability of the '141 and the '904 patents).

means are hollow cylinders with additional elements.  With respect to the first member, it is a hollow cylinder with two donut-shaped voids or grooves cut from the cylinder wall and a threaded portion attached to one end.  The second member is a hollow cylinder with a tapered end.  Dolan further argues that it does not meet the "affixing to and extending from" limitation because its first hollow cylinder is not directly attached to the lamp stem.  This argument fails because the first hollow cylinder need not be directly attached; rather, intervening structures may connect the cylinder to the stem, e.g., a threaded portion.

Next, we find that substantial evidence supported the jury's verdict of willful infringement.  See Crystal Semiconductor Corp. v. TriTech Microelecs. Int'l Inc., 246 F.3d 1336, 1346 (Fed. Cir. 2001).  We do not disturb the jury's credibility determinations or substitute our resolution of conflicting evidence for that of the jury.  See Fuji Photo Film Co. v. Jazz Photo Corp., 394 F.3d 1368, 1379 (Fed. Cir. 2005).  Applying this standard of review, there was sufficient evidence for the jury to determine that Dolan knew of Lamps Plus' patent protection, but nonetheless willfully engaged in acts that violated Lamps Plus' rights; that Dolan belatedly sought advice of counsel; that even if Dolan obtained adequate advice of counsel, it was ignored; and, therefore, that Dolan willfully infringed.

Turning to Dolan's invalidity and unenforceability counterclaims, we review the ultimate nonobviousness finding de novo and the underlying facts for substantial evidence.  See Modine Mfg. Co. v. Allen Group, Inc., 917 F.2d 538, 541 (Fed. Cir. 1990).  With respect to the '141 patent, because there was substantial evidence to support a finding that the prior art on the record did not contain all of the claimed

limitations and that even if it did, there was not an adequate motivation to combine, we find that the jury's nonobviousness determination was correct. With respect to the '904 patent, there was substantial evidence to support a finding of no motivation to combine, even if the prior art on the record, in combination, sufficiently disclosed the claimed design. Moreover, Lamps Plus' evidence of copying and commercial success further support the nonobviousness findings.

Next, because Dolan failed to introduce sufficient evidence demonstrating that a person having ordinary skill in the art would not have recognized that Lamps Plus possessed what was claimed in the '904 patent, we conclude that substantial evidence supported the finding that the drawings in the '904 patent were sufficient to meet the written description requirements of 35 U.S.C. § 112. See Koito Mfg. Co. v. Turn-Key-Tech, LLC, 381 F.3d 1142, 1149 (Fed. Cir. 2004). Moreover, we conclude that substantial evidence supported the jury's finding of no inequitable conduct. Hebert v. Lisle Corp., 99 F.3d 1109, 1105 (Fed. Cir. 1996). Based on the record introduced at trial, it was reasonable for the jury to conclude that any prior art withheld from the examiner was cumulative and non-material and that even if some prior art was deemed material, there was not a sufficient showing of deceptive intent.

Because the jury's findings of direct and willful infringement are sufficient to support the trial court's judgment in all respects, we need not reach the issue of indirect infringement. Dolan did not request review for abuse of discretion of the trial court's exceptional case finding or its fee and cost awards. Finally, because we find the '141 patent directly and willfully infringed, valid, and enforceable, the trial court did not abuse

04-1559, 05-1218                                        5

its discretion in denying both Dolan's motion to alter or amend judgment and its renewed motion for JMOL.

# United States Court of Appeals for the Federal Circuit

04-1559, 05-1218

LAMPS PLUS, INC. and PACIFIC COAST LIGHTING,

Plaintiffs-Appellees,

v.

PATRICK S. DOLAN, DESIGN TRENDS, LLC, CRAFTMADE INTERNATIONAL, INC, and LOWE'S HOME CENTERS, INC,

Defendants-Appellants.

DYK, <u>Circuit Judge</u>, concurring in part and dissenting in part.

While I agree with the majority concerning the invalidity and inequitable conduct issues, in my view the jury verdict on infringement here is not sustainable. I respectfully dissent.

As explained by the majority, Lamps Plus sued Dolan for infringing claim 5 of the '141 patent. In pertinent part, claim 5 provides:

> [a] means for affixing each of sa[i]d separate direct light reflectors to said stem at spaced apart positions disposed between said base and said general area lighting means;
> said means for affixing each separate direct light reflector including:
> <u>(a) a first hollow cylinder affixed to and extending from said stem;</u>
> <u>(b) a second hollow cylinder defining a through opening in a wall thereof rotatably affixed to said first hollow cylinder</u> . . . .

'141 patent, col. 4, l.63 - col. 5, l. 5 (emphasis added). In depicting the hollow cylinders, the '141 patent's specification simply shows two tubes—the first emerging from the lamp stem and the second rotatably affixed to the first. These tubes do not have any grooves, indentations, or tapered ends. Further, it appears that the outer and inner circumference of each cylinder is consistent throughout the entire length of the tube.

The district court issued its claim construction opinion, construing the term "hollow cylinder" in claim 5 as meaning "a hollow piece of which the two ends are equal and parallel circles, and the intervening curved surface is such as would be traced out by a straight line moving parallel to itself with its ends in the circumference of those circles . . . ." J.A. 3864. This claim construction was obviously correct, and the majority does not disagree.

The infringement question at trial centered on whether the accused lamps contained an affixing means that included "a first hollow cylinder" and "a second hollow cylinder" as claimed by the '141 patent. There was no dispute as to the nature of the accused components. The first accused component, which is alleged to meet the "first hollow cylinder" limitation, is a straight, hollow, metal tube with a smooth internal surface and a consistent internal diameter. However, its external surface—about which the second "cylinder" swivels—has two deep and relatively wide grooves cut from the external wall, creating parallel channels which run around the entire circumference of the tube. The majority describes these grooves as "two donut-shaped voids." Maj. Op. at 3. The external surface of this accused component is not smooth, because these grooves preclude the tube from having a consistently-sized circumference throughout its entire length. The second accused component, which was alleged to meet the "second hollow cylinder" limitation, is a smooth metal tube with a tapered end curving inward like a rounded bullet. It too does not have a consistently-sized circumference throughout the length of the tube due to its tapered end.

At trial the patentee argued that because claim 5 was a comprising claim, the accused components could meet the "hollow cylinder" limitation in one of two ways.

First, the accused components could each be seen as comprising of several cylinders—three cylinders in the case of the grooved component and several infinitesimal cylinders in the case of the tapered component. Alternatively, the accused components could each be seen as a single cylinder with additional elements. In other words, if one shaved off the protruding portions, thereby eliminating the grooves on the first component, or shaved off the tapered end from the second component, one would be left with a cylinder. Thus the patentee's infringement argument rested on two alternative theories: slicing and shaving.

I find both theories of infringement to be directly at odds with the district court's original construction of the term cylinder in claim 5. This original construction required "hollow cylinder" to be a single, fixed component, i.e., "a hollow piece." J.A. 3864 (emphasis added). The district court's interpretation inherently required this "piece" to have a consistent diameter throughout its entire length. The court's construction recognized that each "cylinder" has fixed endpoints by requiring "two ends [that] are equal and parallel circles." Id.

To its credit, the majority does not apply the "slicing" theory of infringement. However, the majority apparently adopts the second theory, finding that "[b]oth of the members used in Dolan's affixing means are hollow cylinders with additional elements. With respect to the first member, it is a hollow cylinder with two donut-shaped voids or grooves cut from the cylinder wall" and the "second member is a hollow cylinder with a tapered end." Maj. Op. at 3-4.

Under this second theory, rather than looking at the component in the accused device that actually corresponded to the first and second cylinders in claim 5 (i.e., the

<u>entire</u> grooved or tapered tube), the jury could conceptually chisel away parts of the accused component until the component looked like a cylinder. Under this approach, a solid block with a hole drilled through it could meet the cylinder limitation in claim 5, because one could shave away the external surface until only a hollow cylinder remained. But in my view, this result defies the district court's original (correct) claim construction and is not sustainable.

While the majority does not address the question, I note that both parties in this case improperly used testifying experts (former Commissioners of the PTO) to offer testimony at trial on what were essentially issues of claim construction. We have recently made clear that such testimony is quite likely to confuse the jury and is improper. <u>Cytologix Corp. v. Ventana Med. Sys.</u>, 424 F.3d 1168, 1172 (Fed. Cir. 2005). There was no objection to such testimony here, and its admission was thus not reversible error. But such testimony helps to explain what in my view is an irrational jury verdict.

Because I conclude that the evidence could not support a verdict of infringement, I respectfully dissent from the majority's affirmance of the jury's verdict of infringement.