92 F.3d 1203
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MOBIL OIL CORPORATION, Plaintiff-Appellee,
v.
ADVANCED ENVIRONMENTAL RECYCLING TECHNOLOGIES, INC.,
Defendant-Appellant.
 No. 95-1333.
 United States Court of Appeals, Federal Circuit.
 June 13, 1996.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
July 25, 1996.
 
 Before ARCHER, Chief Judge, NEWMAN, and PLAGER, Circuit Judges.
 ARCHER, Chief Judge.
 
 
 1
 Advanced Environmental Recycling Technologies, Inc. (AERT) appeals the judgment of the United States District Court for the District of Delaware holding its United States Patent Nos. 5,082,605 ('605 patent); 5,088,910 ('910 patent); 5,096,046 ('046 patent); and 5,096,406 ('406 patent) invalid and unenforceable and holding the '605 and '910 patents not infringed by Mobil Oil Corporation (Mobil). We affirm the judgment that the '605 and '910 patents are invalid and unenforceable, but vacate the finding of infringement and vacate the judgment as to the '046 and '406 patents.
 
 DISCUSSION
 I.
 
 2
 AERT owns the '605 and the '910 patents directed to a method of and system for making composite material from wood and plastic fibers, the '046 patent directed to a conveyor having a particular roller assembly, and the '406 patent directed to an extruder assembly for composite materials.
 
 
 3
 Mobil filed this action seeking a declaratory judgment that AERT's four patents are invalid and unenforceable and that Mobil did not infringe the patents. In lieu of an answer, AERT filed a motion to dismiss based on the ground that Mobil did not have a reasonable apprehension that AERT would sue Mobil for infringement. The district court denied AERT's motion finding that a justiciable controversy existed between the parties. AERT then answered Mobil's complaint, asserting four counterclaims for violation of Section 1 of the Sherman Act (illegal monopoly), violation of Section 2 of the Sherman Act (sham litigation), breach of a confidential relationship, and unfair competition. After discovery progressed and the court again ruled that it had jurisdiction over Mobil's action, AERT amended its answer to assert three additional counterclaims for false advertising, infringement of the '605 patent and infringement of the '910 patent.
 
 
 4
 After trial, the jury found, by way of interrogatories, that Mobil did not infringe, either literally or under the doctrine of equivalents, claims 1, 2, 4, 16, or 17 of the '605 patent or claim 1 of the '910 patent. The jury also found that all of the claims of the '910 patent, the '605 patent (except claim 5), the '046 patent, and the '406 patent were invalid for obviousness. In addition, the jury found that AERT failed to disclose material information and made a material misrepresentation to the United States Patent & Trademark Office (PTO) with an intent to deceive the PTO. The court then entered its own findings on inequitable conduct. Agreeing with the jury's findings, it held the four patents unenforceable due to inequitable conduct. The court denied AERT's motion for a new trial, and entered final judgment. After the court denied AERT's subsequent motions for judgment as a matter of law (JMOL) and motion to alter or amend the court's final judgment, this appeal ensued.
 
 II.
 
 5
 A. AERT raises numerous issues on appeal and challenges every aspect of the jury's findings and the court's judgment. As an initial matter, we address AERT's challenge to the district court's jurisdiction.
 
 
 6
 AERT claims that its conduct was not sufficient to create a reasonable apprehension that Mobil would face a suit for infringement and that, as a result, there was no actual controversy to support jurisdiction for a declaratory judgment action under 28 U.S.C. § 2201. Because it never charged Mobil with infringement, it claims that Mobil could not have had a reasonable apprehension that it would be sued.
 
 
 7
 The determination of whether an actual controversy exists is a question of law which we review de novo. BP Chemicals Ltd. v. Union Carbide Corp., 4 F.3d 975, 978, 28 USPQ2d 1124, 1127 (Fed.Cir.1993). The district court's factual findings underlying that determination are reviewed for clear error. Id., 28 USPQ2d at 1127.
 
 
 8
 A declaratory judgment action requires an "actual controversy" between "interested" parties. Super Sack Mfg. v. Chase Packaging Corp., 57 F.3d 1054, 1058, 35 USPQ2d 1139, 1142 (Fed.Cir.1995). To support an action for declaratory judgment "the defendant's conduct must have created on the part of plaintiff a reasonable apprehension that the defendant will initiate suit if the plaintiff continues the allegedly infringing activity." Arrowhead Indus. Water Inc. v. Ecolochem, Inc., 846 F.2d 731, 736, 6 USPQ2d 1685, 1689 (Fed.Cir.1988) (quoting Goodyear Tire & Rubber Co. v. Releasomers, Inc., 824 F.2d 953, 955, 3 USPQ2d 1310, 1311 (Fed.Cir.1987)). AERT claims that its conduct was not threatening and was merely "puffery or jawboning" as a prelude to licensing and contends that some of the threatening statements were not in fact made.
 
 
 9
 After considering all of AERT's arguments, we conclude that the district court correctly determined that AERT's actions, when considered in their totality, gave rise to a reasonable apprehension that AERT would sue Mobil for patent infringement. Contrary to AERT's assertion, "the courts have not required an express infringement charge." Arrowhead, 846 F.2d at 736, 6 USPQ2d at 1689. AERT clearly stated numerous times that it intended to enforce its patents. AERT's statements and intimations that Mobil may be an infringer, its assurances that it had the capability of enforcing its patents, its reminder that companies of its size were capable of winning infringement actions and its action in having its attorney send letters to Mobil executives advising them of AERT's four patents, were intended to make Mobil believe that it might be subject to a suit for infringement. By its conduct, AERT intended that Mobil fear the prospect of litigation; this is all that is required. Thus, consistent with the district court's conclusion, AERT's conduct could have reasonably led Mobil to believe that it might be subject to a suit for infringement.
 
 
 10
 With regard to the denial by AERT's president that he made some of the statements attributed to him, the court rejected this testimony. Such a determination based on credibility is virtually unreviewable on appeal. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). In this case, we have no basis for concluding that the district court's credibility determinations were wrong.
 
 
 11
 AERT also contends that the court did not have jurisdiction because Mobil had not started production and, as a result, AERT could not have charged Mobil with infringement. To support jurisdiction under the Declaratory Judgment Act, this court has required, in addition to a reasonable apprehension of an infringement suit, present activity on the part of the declaratory plaintiff which could constitute infringement or concrete steps leading toward such activity. BP Chemicals, 4 F.3d at 978, 28 USPQ2d at 1126. Mobil acquired Rivenite to obtain just such a capability. Indeed, AERT warned Mobil on several occasions that the activities it had undertaken or was about to undertake could be infringing.
 
 
 12
 B. Determining that a justiciable controversy existed at the time the suit was filed, however, does not end our inquiry. The controversy must exist throughout the course of the litigation. Preiser v. Newkirk, 422 U.S. 395, 401 (1975). Thus, we must consider whether there continued to be a justiciable controversy with respect to each of the patents in suit throughout the entire action. See, e.g., Super Sack, 57 F.3d at 1058, 35 USPQ2d at 1142.
 
 
 13
 Because it did not file counterclaims for infringement of the '046 and '406 patents, AERT asserts that, as to those patents at least, there was no longer a justiciable controversy. We agree. AERT's failure to counterclaim for infringement of the '046 and '406 patents removed the reasonable apprehension Mobil had at the time it filed its complaint. AERT's conduct with respect to these patents was no longer threatening. In addition, Mobil has not pointed to any evidence showing that AERT identified aspects of Mobil's process that it considered to be an infringement of these two patents. Indeed, the record shows that AERT was primarily concerned that Mobil's activity infringed the '609 and '910 patents. Although an actual controversy in respect of the '046 and '406 patents may have existed at the time Mobil filed its complaint, it ceased to exist under all the facts of this case when AERT failed to counterclaim for infringement of these patents. Accordingly, we vacate the judgment with respect to the '406 and the '046 patents.
 
 III.
 
 14
 AERT challenges the jury's finding of invalidity and the district court's denial of JMOL. The question of obviousness is a legal determination based on underlying factual determinations. Panduit Corp. v. Dennison Mfg., 810 F.2d 1561, 1566, 1 USPQ2d 1593, 1596 (Fed.Cir.1987). We review a denial of JMOL to determine whether the jury's factual determinations are supported by substantial evidence and, if so, whether those findings support the legal conclusions drawn by the jury in reaching its verdict. Modine Mfg. Co. v. Allen Group, Inc., 917 F.2d 538, 541, 16 USPQ2d 1622, 1624 (Fed.Cir.1990).
 
 
 15
 AERT contends that the finding that the processes used at Hearthbrite Industries and Rivenite Corporation were prior art is erroneous because these processes were not available to the public. Mobil, however, presented numerous publications depicting and describing various aspects of these processes, testimony that the Hearthbrite process was disclosed to attract foreign investors and customers and in prior litigation, and evidence that the Public Broadcast System filmed and broadcast the operation at the Hearthbrite plant. This was substantial evidence upon which the jury could determine that the Hearthbrite and Rivenite processes were available to the public.
 
 
 16
 As to the jury's findings of obviousness of the '605 and '910 patents, AERT claims that the references relied on lacked certain critical claim limitations. Based on our review of the evidence and prior art we conclude that the determination that all of the elements of the claims at issue were either known in the prior art or were obvious in view of what was known in the prior art, was not incorrect as a matter of law. Accordingly, we affirm the judgment that the claims of the '605 and '910 patents are invalid for obviousness. 35 U.S.C. § 103.[1]
 
 IV.
 
 17
 AERT also contends that the district court's findings on inequitable conduct were clearly erroneous and that the court abused its discretion in concluding that the '605 and '910 patents were unenforceable. Inequitable conduct requires both the failure to disclose material information or the submission of false material information and an intent to deceive. Kingsdown Medical Consultants, Ltd. v. Hollister Inc., 863 F.2d 867, 872, 9 USPQ2d 1384, 1389 (Fed.Cir.1988). "[T]he ultimate determination of inequitable conduct is committed to the discretion of the trial court and reviewed by this court for abuse of discretion." Baxter Healthcare Corp. v. Spectramed, Inc., 49 F.3d 1575, 1584, 34 USPQ2d 1120, 1127 (Fed.Cir.1995). We review the underlying facts of materiality and intent to deceive for clear error. Id., 34 USPQ2d at 1127.
 
 
 18
 The district court found that AERT's failure to disclose the Hearthbrite process to the PTO was material because, among other things, it used wood fibers rather than leaves and this was one of the bases upon which AERT distinguished its invention over U.S. Patent No. 4,225,640 to Robert Erb. The court further found that AERT understood the Hearthbrite process, appreciated the significance of this distinction made during prosecution, and withheld this information from the PTO with the intent to deceive the PTO. Based upon the record evidence, we cannot say that these findings are clearly erroneous. Moreover, the court did not abuse its discretion in concluding that this amounted to inequitable conduct. As a result, we affirm the holding that the '605 and '910 patents are unenforceable due to inequitable conduct.
 
 V.
 
 19
 Lastly, AERT asserts that it should have been given a new trial based on misstatements and misrepresentations made by Mobil's counsel during trial. We review the district court's refusal to grant a new trial for abuse of discretion. Railroad Dynamics, Inc. v. A. Stucki Co., 727 F.2d 1506, 1512, 220 USPQ 929, 935 (Fed.Cir.1984).
 
 
 20
 We have fully considered all of AERT's arguments in this respect and conclude that the district court did not abuse its discretion in denying AERT a new trial. We do find legitimacy, however, to AERT's complaint that Mobil misrepresented evidence during closing argument by suggesting that AERT was unable to get another pending patent application allowed because it had disclosed the Hearthbrite process to the PTO in that application. As Mobil was fully aware, the record contained absolutely no evidence even suggesting that this patent application had been rejected on the basis of the Hearthbrite process. Intentional misrepresentation should not be a part of responsible advocacy. This comment, however, was directed to the issue of inequitable conduct and the materiality of the Hearthbrite process as a reference, an issue ultimately decided by the judge. Thus, while we deplore such conduct, we do not find that the district court abused its discretion in declining to grant AERT a new trial.
 
 
 21
 NEWMAN, Circuit Judge, concurring in part, dissenting in part.
 
 
 22
 I join the court's conclusion, with the exception of the issue of inequitable conduct. Mobil's counsel persistently told the jury and the trial court that AERT was required to disclose "all similar technologies." That was incorrect. What was required to be disclosed was all information material to patentability of the claimed invention.
 
 
 23
 We don't know whether the district court, like the jury, was misled by this misrepresentation of law. The jury determined that the Hearthbright, Juniper and Rivenite processes were not less material to patentability than the references cited by the examiner. However, cumulative references need not be cited. Further, the evidence describing these reference processes consisted largely of vague deposition testimony that lacked the precision and detail of the scholarly Michigan State articles. The court emphasized that the Hearthbright process combined the general idea of the Erb patent with the use of wood particles instead of leaves. However, the use of wood is clearly disclosed in the Michigan State articles. This is not clear and convincing evidence of withholding material information with the intent to deceive the examiner, for the relevant information was already before the examiner.
 
 
 24
 Since the evidentiary requirement of materiality was not met, I can not join in upholding the ruling of unenforceability.
 
 
 
 [1]
 Because we affirm the district court's judgment that the '605 and '910 patents are invalid and unenforceable (see IV infra), we need not consider the question of infringement of these patents. AERT also argues that the court improperly determined that the jury verdict found that claim 5 of the '605 patent was invalid for anticipation. We need not consider this issue because of the unenforceability of the patent