99 F.3d 1160
 42 U.S.P.Q.2d 1411
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AMERITEK, INC., Plaintiff-Appellant,
v.
CAROLINA LASERCUT CORP., Defendant-Appellee.
 No. 96-1224.
 United States Court of Appeals, Federal Circuit.
 Oct. 31, 1996.
 
 Before RADER, SCHALL, and BRYSON, Circuit Judges.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 Ameritek, Inc. ("Ameritek") appeals from the judgment of the United States District Court for the Middle District of North Carolina following a jury trial in Ameritek's suit against Carolina Lasercut Corp. ("Lasercut") for patent infringement. Ameritek, Inc. v. Carolina Lasercut Corp., No. 2:93CV00419 (Jan. 26, 1996). We affirm.
 
 DISCUSSION
 I.
 
 2
 Ameritek sued Lasercut for infringement of claims 1-3 of United States Patent No. 5,211,084 ("the '084 patent"). The '084 patent is assigned to Ameritek; the patent is directed to a method for creating, through a process called "laser milling," metal counterplates used in the production of cardboard containers.
 
 
 3
 At trial, Lasercut conceded infringement, but challenged the validity of the asserted claims. Claim 1 is an independent claim; claims 2 and 3 depend from it. Claim 1 reads as follows:
 
 
 4
 1 The method of forming a steel rule die counter plate comprising the steps of:
 
 
 5
 1 selecting a desired width for a finished elongated, precision slot in a plate;
 
 
 6
 1 adjusting the width of a laser beam for cutting a slot in the plate with a width less than the desired finished slot width;
 
 
 7
 1 focusing the laser beam on the surface of the plate;
 
 
 8
 1 traversing the laser beam over the plate surface in parallel and overlapping oscillation to cut the plate in increments of width during each oscillation less than the desired finished slot width; and
 
 
 9
 1 continually traversing the laser beam over the plate surface until the desired finished slot width is achieved.
 
 
 10
 In claiming invalidity, Lasercut alleged that 35 U.S.C. § 120 did not entitle the inventors to a 1981 priority date because the 1981 application failed to disclose the subject matter of claim 1, sections (d) and (e), and thus failed to satisfy the written description requirement of 35 U.S.C. § 112. Lasercut submitted that without the advantages of the 1981 priority date, Ameritek's 1982 sales would invalidate the patent under 35 U.S.C. § 102(b). Lasercut also alleged that Ameritek's failure to disclose certain techniques for forming counterplates constituted a violation of the enablement and best mode requirements of 35 U.S.C. § 112. Finally, Lasercut charged that Ameritek engaged in inequitable conduct before the Patent and Trademark Office during prosecution by failing to disclose certain sales of the patented invention, thereby rendering the case exceptional and warranting the imposition of attorney fees under 35 U.S.C. § 285.
 
 
 11
 The jury found that the 1981 application for the parent of the '084 patent did not disclose the subject matter of claim 1, sections (d) and (e), to a person of ordinary skill in the art, that the patent failed to provide an enabling disclosure, and that the inventors failed to disclose the best mode of practicing the invention. It therefore found claims 1-3 invalid. The jury also found that the inventors procured the patent through inequitable conduct. The district court, responding to a motion by Lasercut, found the case exceptional and awarded Lasercut limited attorney fees. Before the judge submitted the case to the jury, Ameritek failed to move for a judgment as a matter of law ("JMOL") pursuant to Rule 50 of the Federal Rules of Civil Procedure. Neither did Ameritek move for JMOL after the jury's verdict. On appeal, Ameritek challenges the district court judgment on a number of grounds. For its part, Lasercut asks us to find the appeal frivolous pursuant to Rule 38 of the Federal Rules of Appellate Procedure.
 
 II.
 
 12
 Ameritek's failure to move for JMOL precludes us from reviewing the jury's findings in order to determine whether they are supported by substantial evidence. See Biodex Corp. v. Loredan Biomedical, Inc., 946 F.2d 850, 854, 862 (Fed.Cir.1991) ("When no motion challenging the legal sufficiency of the evidence has been made at any stage in the district court, the law is uniform in all circuits that review is limited to plain error."), cert. denied, 504 U.S. 980 (1992).[1] We thus are precluded from reviewing the jury's fact findings underlying the validity issues (written description, enablement, best mode) and the inequitable conduct issue for sufficiency of the evidence. Nevertheless, assuming arguendo that we may review these issues, we have no difficulty affirming the determinations of invalidity and inequitable conduct.
 
 
 13
 As far as invalidity is concerned, the inventors sought priority for claim 1 based upon the 1981 application filing date, even though sections (d) and (e) of claim 1 were not added until 1984. The earlier priority date is necessary if claim 1 is to be held valid, because intervening sales of the invention in 1982 would render the claim invalid if the priority date for the claim is 1984. Under 35 U.S.C. § 120, the inventors are entitled to a 1981 priority date only if the 1981 application "disclosed [the invention] in the manner provided by the first paragraph" of 35 U.S.C. § 112. That application plainly failed to satisfy the written description requirement of 35 U.S.C. § 112. The relevant part of section 112 provides that:
 
 
 14
 [t]he specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art....
 
 
 15
 35 U.S.C. § 112. The written description requirement stipulates that the specification must convey to those skilled in the art that the inventor invented what is claimed. See Vas-Cath Inc. v. Mahurkar, 935 F.2d 1555, 1563-64 (Fed.Cir.1991).[2]
 
 
 16
 Ameritek relies primarily on column 4, lines 40-44 of the '084 patent (which were in the 1981 application) to support its argument that the specification sufficiently describes method steps (d) and (e) of claim 1.[3] Although the cited lines speak of cutting a slot ranging from 0.010 to 0.10 inches in width by making 0.001 to 0.003 inch slots, they do not provide an adequate written description for claim 1, sections (d) and (e), which respectively specifically claim "parallel and overlapping oscillation[s]" and "continually traversing the laser beam." Ameritek's argument that to cut a large width slot by making smaller width cuts one must necessarily cut in a parallel, overlapping fashion is unpersuasive in light of the fact that the original disclosure did not relate to laser milling, but to cutting around the periphery of a slot with a laser beam penetrating all the way through the plate.[4] Substantial evidence supports the verdict of invalidity.
 
 
 17
 Turning to the inequitable conduct issue, the decision as to whether inequitable conduct occurred is committed to the sound discretion of the trial court. See Modine Mfg. Co. v. Allen Group, Inc., 917 F.2d 538, 541 (Fed.Cir.1990), cert. denied, 500 U.S. 918 (1991). We review the trial court's ultimate determination of inequitable conduct for clear error of judgment; and review the underlying facts to ensure that the jury findings are supported by substantial evidence. See id. The district court based its finding that the inventors engaged in inequitable conduct on the jury's determination that the inventors, intending to deceive, withheld material information from the Patent and Trademark Office. The court concluded that the inventors' behavior should be imputed to Ameritek because, after becoming aware of the inequitable conduct, Ameritek continued to pursue this litigation. We do not find that the court clearly erred in reaching its ultimate decision, and we find that the jury determinations are supported by substantial evidence. Therefore, we see no reason to disturb the district court determination that Ameritek's actions amounted to inequitable conduct.
 
 
 18
 Finally, we review an award of attorney fees under 35 U.S.C. § 285 to determine whether (1) the factual basis for classifying the case as exceptional was clearly erroneous, see Morton Int'l Inc. v. Cardinal Chem. Co., 5 F.3d 1464, 1470 (Fed.Cir.1993), and (2) whether the court abused its discretion in determining that the award of fees was appropriate. See Reactive Metals and Alloys Corp. v. ESM, Inc., 769 F.2d 1578, 1583 (Fed.Cir.1985). Applying this standard, we see no reason to disturb the district court's partial award of attorney fees to Lasercut.[5]
 
 
 19
 Although we affirm the district court judgment as a whole, we deny Lasercut's request for attorney fees under Fed. R.App. P. 38. Even if Ameritek's appeal had only a small chance for success, it " 'is not for that reason alone frivolous' and thus deserving of sanctions." Biodex, 946 F.2d at 863 (quoting Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1578 (Fed.Cir.1991)).
 
 
 20
 Costs to Lasercut.
 
 
 
 [1]
 Ameritek asks us to find Biodex inapplicable to the case at bar, arguing that a JMOL motion would have been futile in light of the trial court's request for briefs on the exceptional case issue. Ameritek's argument is misplaced because Ameritek was required to move for JMOL before the case was submitted to the jury. Fed.R.Civ.P. 50(a)(2). Lasercut did not move the court to find the case exceptional, and the court did not request briefs, until after the jury returned a verdict. At that point, the district court was only empowered to entertain renewed JMOL motions initially made at the close of the evidence. Fed.R.Civ.P. 50(b). Thus, Ameritek's claim that it believed a JMOL motion would have been futile after the jury returned its verdict misses the mark
 
 
 [2]
 Compliance with the written description requirement is a question of fact. Following a jury trial, we review a determination on the requirement under the substantial evidence standard. Wang Labs., Inc. v. Toshiba Corp., 993 F.2d 858, 865 (Fed.Cir.1993)
 
 
 [3]
 The language contained at column 4, lines 40-44 was taken directly from the 1981 parent application. The 1981 application taught a method for creating a two-piece counterplate, where the first metal plate has slots extending completely through the plate, and the second metal plate is adhered to the first metal plate, thereby providing a solid backing for the slots
 
 
 [4]
 Our affirmance of the district court holding of invalidity based on the failure of the inventors to supply a sufficient written description renders the issues of best mode and enablement moot
 
 
 [5]
 We have considered Ameritek's remaining contentions on appeal and have found them all to be without merit