**INNOVATIVE SCUBA CONCEPTS, INC., Plaintiff–Appellant,**

v.

**FEDER INDUSTRIES, INC., d/b/a Scuba Manufacturing, Defendant.**

No. 93–1425.

United States Court of Appeals, Federal Circuit.

June ·15, 1994.

Richard W. Hanes, Hanes & Schutz, P.C., Colorado Springs, CO, argued for plaintiff-appellant. With him on the brief was Timothy J. Schutz.

Before RICH, MICHEL, and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

Innovative Scuba Concepts, Incorporated appeals from a judgment of the United States District Court for the District of Colorado holding claim 4 of U.S. Patent 4,910,806 invalid under 35 U.S.C. § 102(g). *Innovative Scuba Concepts, Inc. v. Feder Indus., Inc.,* 819 F.Supp. 1487 (D.Colo.1993) (memorandum opinion and order). Because the court's

findings do not support its legal conclusion of invalidity, we reverse and remand.

## BACKGROUND

This patent infringement suit involves U.S. Patent 4,910,806 for an "Adjustable Strap For Use With A Diver's Face Mask," issued March 27, 1990 to Baker et al. ("Baker"), and assigned to the appellant, Innovative. The relevant facts are undisputed.

Claim 4, which is the only claim at issue, describes a flexible, resilient strap having hook and loop type fastening material to adjustably attach the strap to a diver's face mask. Baker developed a face mask strap encompassed by his claim 4 (the "prototype strap"), which was first sold by Innovative on May 20, 1988. In July of 1988, Innovative marketed a second strap developed by Baker (the "modified strap") and introduced it at a series of industry trade shows and conventions during the fall of 1988 and early in 1989. Innovative subsequently ceased selling the prototype strap in favor of the more successful modified strap.

Feder Industries, Incorporated, is a corporation whose sole director, officer, and shareholder is Mr. Irving Feder. Mr. Feder first learned of Innovative's modified strap in the fall of 1988, when he either saw or obtained a modified strap at a trade show in Miami. Shortly thereafter, Feder designed and began manufacturing various similar straps.

In February of 1989, Innovative sought the advice of a patent attorney in order to obtain patent protection for its strap. Innovative provided the attorney with the modified strap, two advertisements for the modified strap, two catalogs referring to neoprene fabrics used in making straps, and two straps manufactured by Feder. However, Innovative did not provide the attorney with the prototype strap. A patent application, which later issued as the patent in suit, was filed on May 1, 1989.

On July 24, 1990, Innovative sued Feder for patent infringement, alleging that five separate models of face mask retaining straps manufactured and sold by Feder in-

fringed claim 4 of the patent.[1] Innovative requested actual damages, enhanced damages for willful infringement, prejudgment interest, attorneys' fees, costs, and injunctive relief. Feder denied infringement and asserted a counterclaim for declaratory judgment that the patent in suit was invalid, *inter alia*, under 35 U.S.C. § 102(g).

The court found that each of the five accused models infringed claim 4 under the doctrine of equivalents. However, the court held that the claim was invalid under 35 U.S.C. § 102(g). In reaching its conclusion of invalidity, the court first determined that, because Feder had produced a strap covered by claim 4 in the fall of 1988, prior to the May 1, 1989 filing date of the patent, Innovative bore the burden of proving by clear and convincing evidence that it conceived and reduced to practice the invention of claim 4 before Feder. The court noted that Innovative's prototype strap fell within the scope of claim 4 and was sold in May of 1988. However, the court discounted this fact because Innovative's attorney did not have the prototype strap in his possession when he drafted and filed the patent application. The court stated "although both [the attorney and an inventor] testified that they communicated several times ... about the invention [ ], there is no evidence that [Innovative] discussed the prototype [strap] with its attorney prior to the filing of the patent application." Ultimately, the court reasoned that, although the prototype strap fell within the scope of claim 4, the patent attorney had to have drafted claim 4 with Feder's strap in mind since he never personally saw the prototype strap. The court held that Innovative thus did not present clear and convincing evidence of prior invention and therefore held that claim 4 was invalid on the ground that Mr. Feder, not the named inventors, was the first to invent the claimed subject matter. The court did not reach the issues of damages, willful infringement, injunctive relief, and prejudgment interest. Finally, the court held that an award of attorneys' fees was not justified because the case was not shown to be exceptional.

---

1. As filed, the complaint alleged infringement of claims 1 and 4; however, at the close of Innovative's case-in-chief, Innovative voluntarily dismissed its claim for infringement of claim 1.

On May 3, 1993, Innovative filed a motion to amend the judgment pursuant to Fed. R.Civ.P. 59(e), asserting manifest error of fact or law. The motion was denied on May 19, 1993, and Innovative now appeals from the court's judgment of invalidity.

## DISCUSSION

■■■ An applicant is entitled to a patent unless, *inter alia*, "before the applicant's invention thereof the invention was made in this country by another who had not abandoned, suppressed, or concealed it." 35 U.S.C. § 102(g) (1988). Priority of invention is a question of law to be determined based upon underlying factual determinations. *Price v. Symsek*, 988 F.2d 1187, 1190, 26 USPQ2d 1031, 1033 (Fed.Cir.1993). In reviewing a judgment based on a conclusion of prior invention under 35 U.S.C. § 102(g), we must consider not only whether the underlying findings were clearly erroneous, but also whether there was legal error. *Cf. Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1565, 1 USPQ2d 1593, 1595 (Fed.Cir.), *cert. denied*, 481 U.S. 1052, 107 S.Ct. 2187, 95 L.Ed.2d 843 (1987).

■■■ Under 35 U.S.C. § 282, a patent is presumed valid and one challenging its validity bears the burden of proving invalidity by clear and convincing evidence. *See Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1376, 231 USPQ 81, 87 (Fed.Cir. 1986), *cert. denied*, 480 U.S. 947, 107 S.Ct. 1606, 94 L.Ed.2d 792 (1987). While a patentee may have the burden of going forward with rebuttal evidence once a challenger has presented a *prima facie* case of invalidity, the presumption of validity remains intact and the ultimate burden of proving invalidity remains with the challenger throughout the litigation. *See id.* at 1376, 231 USPQ at 87. The role of the trial court is to determine whether the challenger has carried its burden, and it requires full consideration of all relevant evidence, including that presented in rebuttal. *See Panduit*, 810 F.2d at 1570, 1 USPQ2d at 1599. On review, we must reverse if the facts cannot support the judg-

ment under a proper application of the law. *See id.* at 1565, 1 USPQ2d at 1595.

■■■ The trial court held that because Feder introduced evidence that a strap within the scope of claim 4 existed prior to the filing date of the patent, "[t]he burden shift[ed] to [Innovative] to prove a pre-filing date of invention [2] in order to avoid the cited item of prior art." Slip op. at 24. It further held that Innovative "[had] the burden of proving by clear and convincing evidence that it both conceived of [sic] and reduced to practice before [the filing date] the invention claimed by claim 4 of the 806 patent." That was legal error, to the extent it placed the ultimate burden of persuasion on Innovative. Moreover, while the burden of going forward with evidence shifted to Innovative once Feder proved a reduction to practice in the fall of 1988, the latter burden was clearly met.

■■■ The court found that Feder's reduction to practice of the invention of claim 4 occurred in the fall of 1988. The court further found that Innovative's prototype strap, invented by Baker, was within the scope of claim 4 and had been reduced to practice no later than May 20, 1988. There was no evidence of a prior conception and reduction to practice by Feder. In fact, the evidence showed that Mr. Feder had developed his strap after having seen Innovative's prototype strap at a trade show. Clearly, Innovative's burden of going forward with evidence of prior invention once Feder proved his 1988 reduction to practice was met. The undisputed and dispositive facts conclusively establish that Baker was the first to invent the subject matter of claim 4.

■■■ In determining that Mr. Feder was the first to invent despite these facts, the court erred by according controlling weight to non-dispositive evidence. Specifically, the court focused on the fact that the patent attorney responsible for filing Innovative's patent application did not have Innovative's prototype strap in his possession when he

2. The court erroneously stated that Innovative must prove a "pre-filing date of invention."

Rather, Innovative's date of invention must precede Feder's earliest date of actual invention.

drafted and filed the patent application, but instead had seen only Feder's accused infringing straps.[3] However, what a patent attorney does or does not have in his possession when he drafts and files a patent application is not relevant in evaluating dates of invention. The dispositive facts are those that establish which party was first to invent the subject matter of a claim. The failure of the attorney drafting the Baker patent application to see the prototype strap does not vitiate or disqualify from consideration the controlling fact that Baker invented that strap prior to Feder's earliest date of invention.

**3.** It is ironic that the court considered Feder to have been the prior inventor on the assumption that Baker's attorney must have had only Feder's strap in mind when he drafted Baker's claim, considering that the court concluded that the

### CONCLUSION

The court committed reversible legal error because the undisputed and dispositive facts do not support the court's conclusion of invalidity under 35 U.S.C. § 102(g). We thus reverse the judgment of invalidity and remand for further proceedings consistent with this opinion.

*REVERSED AND REMANDED.*

claim was infringed only under the doctrine of equivalents. Attorneys seeking to dominate a competitor's product would normally be expected to draft claims that literally encompass such devices.